**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID OMAR SARRAULTE,** | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-12-1053 |
| v. | : |
| | : (Judge Caputo) |
| **WARDEN, FCC CANAAN,** | : |
| Respondent | : |

**M E M O R A N D U M**

**I.   Introduction**

David Omar Sarraulte, a federal inmate formerly confined at USP Canaan in Waymart, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Sarraulte alleges that his concurrent life sentences violate the Due Process Clause of the United States Constitution because they were improperly enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e).  Because Mr. Sarraulte has not alleged that he is actually innocent of the drug or firearms offenses of which he was convicted, or the existence of other grounds entitling him to relief under § 2241, his Petition will be denied and this action will be dismissed.

**II.   Procedural Background**

On August 9, 1995, Mr. Sarraulte was indicted in the United States District Court for the Southern District of Florida on possession with intent to distribute crack

cocaine, using and carrying a firearm in relation to a drug trafficking crime, and possession of a firearm by a convicted felon.  (Doc. 12-2, Ex. 1, ECF pp. 3-6.)

On March 5, 1996, the government filed a Notice Re: Sentencing Enhancement pursuant to 21 U.S.C. § 841 and § 851 in which it asserted that Mr. Sarraulte would qualify for a term of life imprisonment due to his five prior drug convictions.  (*Id.*, Ex. 2, ECF pp. 7 - 9.)  The same day, the government filed a Notice of Enhancement pursuant to 18 U.S.C. § 924(e), in which it asserted that upon conviction, it would seek to sentence Mr. Sarraulte as an armed career criminal in light of his criminal history of drug-related crimes, attempted burglary and using and carrying a firearm during a drug trafficking offense by a convicted felon.[1]  (*Id*., Ex. 3, ECF pp. 10 - 12.)  On March 6, 1996, the jury returned guilty verdicts on the first and last counts of the indictment.  (*Id*., Ex. 4, ECF p. 13.)  Mr. Sarraulte was sentenced to concurrent life terms which were set to run consecutive to a previously existing federal conviction.  (*Id*., Ex. 5, ECF pp. 14 - 16.)

Mr. Sarraulte, through counsel, filed an appeal of his conviction to the United States Eleventh Circuit Court of Appeals.  (*Id*., Ex. 6, ECF p. 19.)  On April 20, 1998, the Eleventh Circuit Court of Appeals affirmed his conviction.  (*Id*., Ex. 6, ECF pp.

---

[1] The following seven convictions were identified: (1) sale of marijuana, Norwalk, Connecticut, sentenced May 1981; (2) possession of marijuana, Bridgeport, Connecticut, sentenced May 1985; (3) possession of narcotics with intent to sell, Bridgeport, Connecticut, sentenced January 1987; (4) larceny in the second degree and possession of narcotics, Fairfield, Connecticut, sentenced March 1989; (5) possession of cocaine, Hollywood, Florida, sentenced May 1994; (6) attempted burglary, Pembroke Pines, Florida, sentenced October 1990; and (7) using and carrying a firearm during a drug trafficking offense, possession of a firearm by a convicted felon, United States District Court, Middle District of Georgia, sentenced 1995.  (*Id*., Ex. 3, ECF pp. 10-12.)

21-27.)  Mr. Sarraulte's petition for *writ of certiorari* to the United States Supreme Court was denied on June 26, 1998.  *Sarraulte v. United States*, 524 U.S. 962, 118 S.Ct. 2390, 141 L.Ed.2d 756 (1998).

On June 22, 1999, Mr. Sarraulte filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 raising one claim of ineffective assistance of counsel.  (*Id*., Ex. 9, ECF pp. 38 - 53.)  On May 11, 2000, the United States District Court for the Southern District of Florida denied the motion.  (*Id*., Ex. 8, ECF p. 36.)  The district court also declined to issue a certificate of appealability.  (*Id*., Ex. 12, ECF p. 64.)  Mr. Sarraulte appealed that decision.  On November 30, 2000, the Eleventh Circuit Court of Appeals declined to issue a certificate of appealability.

On January 25, 2006, Mr. Sarraulte filed a second successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (*Id*., Ex. 13, ECF pp. 66-78.)  On February 7, 2006, the district court indicated its intention to dismiss the filing as a successive motion filed without the authorization of the United States Eleventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).  On March 2, 2006, a final order of dismissal was issued due to Mr. Sarraulte's failure to obtain the requisite authorization from the Eleventh Circuit Court of Appeals.  (*Id*., Ex. 15, ECF pp. 83 - 84.)   On April 12, 2006, the Eleventh Circuit Court of Appeals declined to issue a certificate of appealability.  (*Id*., Ex. 16, ECF p. 87.)

On November 1, 2011, Mr. Sarraulte filed a motion for a reduction of sentence based on the Fair Sentencing Act of 2010.  (*Id*., Ex. 16, ECF pp. 85 - 92.)  On January 10, 2012, the sentencing court denied the motion noting "that Defendant

David Omar Sarraulte's sentencing guideline calculation was dictated by his designation as a career offender, and he is therefore altogether ineligible for a reduction of his sentence." (*Id.*, Ex. 17, ECF p. 117.)

In the instant § 2241 petition, Mr. Sarraulte challenges the sentencing court's use of his prior convictions to enhance his sentence pursuant to the ACCA.

**III.    Discussion**

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court.  *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").  In limited circumstances where §2255 is deemed "inadequate or ineffective" to test the legality of his detention, however, a prisoner may resort to the use of the general habeas statute at 28 U.S.C. § 2241. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).  Thus the critical question in determining whether a claim brought under § 2241 may proceed actually revolves around the adequacy and effectiveness of § 2255 to address the same claim.

In undertaking the analysis of § 2255, only some limitations of scope or procedure would prevent § 2255 from ever, under any circumstances, affording a prisoner a full hearing and adjudication of his claim rendering it inadequate or ineffective.  *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

In such rare cases, a prisoner may file a § 2241 petition.  *See* 28 U.S.C. § 2255(e). This "safety valve" provision was intended to be extremely narrow and applied only in rare circumstances, and not intended to allow prisoners to evade procedural requirements.  *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 248-49.  Hence, § 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent requirements of [ ] § 2255."[2]  *Cradle*, 290 F.3d at 539.

The Third Circuit Court of Appeals in *Dorsainvil* identified one instance in which a prisoner could utilize § 2241 to challenge his detention, namely, where that prisoner could show that he was "actually innocent" of his crime of conviction due to an intervening change in the law, yet had no recourse in § 2255 to litigate his claim. *Dorsainvil*, 119 F.3d at 251 (citing *Davis v. United States*, 417 U.S. 33, 336-47, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974)).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed

---

[2] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

for lack of jurisdiction.  *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(non-precedential).

Application of the above principles compels the conclusion that Mr. Sarraulte's petition must be dismissed for lack of jurisdiction.  In this case, Mr. Sarraulte's chief claim is that his career offender sentencing enhancement was improper.  Because Mr. Sarraulte is directly challenging the validity of the sentence imposed by the trial court, his claim must be raised under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241.  The Third Circuit Court of Appeals has repeatedly, albeit in unpublished decisions, rejected attempts to use § 2241 to challenge sentencing enhancements as opposed to underlying convictions.  *See*, e.g., *Garcia v. Warden Ft. Dix FCI*, 2014 WL 6891268, *2 (3d Cir. 2014)("Garcia's career offender sentence claim does not fall within the scope of the saving clause."); *McIntosh v. Shartle*, 526 F. App'x 150, 151-52 (3d Cir. 2013)("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241."); *Maher v. Shartle*, 458 F. App'x 108 (3d Cir. 2012)(non-precedential)(same); *Barnett v. United States,* 455 F. App'x 491 (3d Cir. 2011)(non-precedential)(same); *Sorrell v. Bledsoe*, 437 F. App'x. 94, 95-96 (3d Cir. 2011)(non-precedential)("Sorrell has not alleged that he is actually innocent of the crime for which he was convicted, but limits his appeal to an allegation that his sentence was improperly calculated based on his career offender status.  Therefore, the exception created in *Dorsainvil* is not applicable, and relief under § 2241 is not available."); *Blum v. Holt*, 410 F. App'x. 426, 427-28 (3d Cir. 2011)

(non-precedential); *Piggee v. Bledsoe*, 412 F. App'x. 443, 445 (3d Cir. 2011) (non-precedential); *United States v. Kenney*, 391 F. App'x. 169, 171-72 (3d Cir. 2010)(non-precedential); *Littles v. United States*, 142 F. App'x 103 (3d Cir. 2005)(non-precedential).

To the extent that Mr. Sarraulte argues that he is "actually innocent" of being a career offender, and thus improperly sentenced as such, this claim fairs no better. None of the cases cited by Mr. Sarrault decriminalize the offenses for which he was convicted. Mr. Sarrault does not allege he is actually innocent of the crimes for which he was convicted, but limits his challenge to an allegation that his sentence was improperly calculated based on his career offender status. As the Supreme Court has stated, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). Mr. Sarraulte is claiming legal insufficiency, that he does not meet the legal definition of a career offender, not actual innocence. Therefore, he cannot meet the miscarriage of justice standard. As such, he cannot demonstrate "factual innocence" of his convictions, and thus cannot proceed under § 2241.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date:  April 27, 2015**